UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROSARIO MAYORGA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-339 |
| | § | |
| GOVERNMENT EMPLOYEES | § | |
| INSURANCE COMPANY (GEICO), *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

On this day came on to be considered the Plaintiff Rosario Mayorga's motion to remand for lack of subject matter jurisdiction in the above-styled action. (D.E. 5.) For the reasons discussed below, the Court GRANTS Plaintiff's motion and REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 79th District Court of Jim Wells County, Texas, where it was originally filed and assigned Case No. 09-11-48536-CV.

## I.  Factual and Procedural Background

In this case, Plaintiff alleges that Defendants Sean Hicks and Government Employees Insurance Company ("GEICO") engaged in an "unfair refusal to pay insurance benefits" "under the Uninsured/Underinsured Motorist provision of the policy." (D.E. 1 p. 12.) Plaintiff claims that Defendants are "guilty of unfair insurance practices" for "failing to conduct a reasonable investigation of Plaintiff's claims and failing to effect prompt resolution of Plaintiff's claim." (D.E. 1 p. 12-15.)

Plaintiff served her Original Petition against Defendants GEICO and Sean Hicks on November 19, 2009. Plaintiff's Original Petition includes three causes of action including breach of contract, unfair insurance practices under Article 21.21, § 16 of the

Texas Insurance Code (recodified as section 541 of the Texas Insurance Code[1]) and breath of the duty of good faith and fair dealing. (D.E. 1 p. 12-15.) On December 8, 2009, GEICO timely removed this action asserting diversity jurisdiction. Parties subsequently filed an agreed motion to remand under condition that Plaintiff amends her Original Petition in state court. (D.E. 8.) Defendant GEICO is incorporated in the State of Maryland with its principle place of business in Washington D.C. (D.E. 1 p. 3.) However, both Plaintiff and Defendant Hicks are citizens of Texas.

## II.  Discussion

### A.  General Removal Principles

A defendant may remove an action from state court to federal court if the federal court possesses subject matter jurisdiction over the action. 28 U.S.C. § 1441(a); see Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The removing party, as the party seeking the federal forum, bears the burden of showing that federal jurisdiction is proper. See Manguno, 276 F.3d at 723. "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Id.

When the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a). A district court generally "cannot exercise diversity jurisdiction if one

---

[1] The Texas Supreme Court notes that the Texas legislature's recodification of the Texas Insurance Code involved "nonsubstantive revisions renumbering and reorganizing the Insurance Code." Farmers Group, Inc. v. Lubin, 222 S.W.3d 417, 422 n.11 (Tex. 2007). "As no material changes were made in the provisions relevant to this suit," this Court Order will cite to the current Code. See id.

of the plaintiffs shares the same state citizenship as any one of the defendants." Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003).

In this action, complete diversity is lacking because both Plaintiff and Defendant Sean Hicks are Texas citizens. See Corfield, 355 F.3d at 857. GEICO argues the Court should disregard Defendant Hicks' citizenship because "he has been fraudulently joined as a party to this cause since there is no basis in fact or in law for the Plaintiff to establish a valid cause of action against Sean Hicks." (D.E. 1 p. 2.)

### B. Fraudulent Joinder

A district court may disregard the defendant's citizenship if the defendant is fraudulently joined in the action. See Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 572-573 (5th Cir. 2004). The burden is on the removing party "to prove that the joinder of the in-state parties was improper--that is, to show that sham defendants were added to defeat jurisdiction." Id. at 575. "[T]he burden of proving fraudulent joinder is a heavy one." McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 337 (5th Cir. 2004). "Merely to traverse the allegations upon which the liability of the resident defendant is rested, or to apply the epithet 'fraudulent' to the joinder, will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 152 (1914).

The Fifth Circuit has "recognized two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood, 385 F.3d at 573 (internal citations and quotation marks omitted).

To determine if Plaintiff has established a cause of action against the non-diverse party, the court must "evaluate all factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997). The court must also "examine relevant state law and resolve all uncertainties in favor of the nonremoving party." Id. After weighing the factual allegations and legal uncertainties in favor of the Plaintiff, the court may find fraudulent joinder only if "the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant." Smallwood, 385 F.3d at 573.

In this case, Defendant GEICO does not claim that Plaintiff committed "actual fraud in the pleadings." Id. Instead, Defendant GEICO claims that there is no basis "to establish a valid cause of action against Sean Hicks." (D.E. 1 p. 2.) To determine if Defendant Hicks was fraudulently joined, this Court will evaluate Plaintiff's claims to see if there is any possibility of success against Defendant Hicks.

### C.   Plaintiff's Texas Insurance Code Section 541 Claim Against Defendant Sean Hicks

Plaintiff claims that Defendants GIECO and Sean Hicks violated section 541 of the Texas Insurance Code ("Section 541"). To assert a private Section 541 cause of action, a plaintiff "must be (1) a 'person,' as defined by [Section 541] and (2) injured by another's act or practices declared to be unfair or deceptive." Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 383 (Tex. 2000); see TEX. INS. CODE § 541.151. The Texas Supreme Court has found that "'person' is defined broadly." Casteel, 22 S.W.3d at 383; see Farmers Group, Inc. v. Lubin, 222 S.W.3d 417, 422 (Tex. 2007) ("[A]ny person may file suit for damages."). The Texas Supreme Court, in Garrison, held that Section 541

"provides a cause of action against insurance company employees whose job duties call for them to engage in the business of insurance." Liberty Mut. Ins. Co. v. Garrison Contrs., 966 S.W.2d 482, 484, 487 (Tex. 1998); see TEX. INS. CODE § 541.002; Casteel, 22 S.W.3d at 384 ("[A]n agent may be personally liable . . . for deceptive acts notwithstanding the fact that he acted within the scope of his employment."). The Texas Supreme Court excluded from Section 541 liability only those employees who have "no responsibility for the sale or servicing of insurance policies and no special insurance expertise, such as a clerical worker or janitor. Garrison, 966 S.W.2d at 486.

To determine if Defendant Hicks may be personally liable to Plaintiff under the Insurance Code, the Court must first analyze whether Defendant Hicks "engages in the business of insurance." See id. at 487. Defendant Hicks is a "Casualty Representative" employed with GEICO. (D.E. 1 p. 13.) Plaintiff alleges that Sean Hicks "fail[ed] to conduct a reasonable investigation of Plaintiff's claims and fail[ed] to effect prompt resolution of Plaintiff's claim." (D.E. 1 p. 12-14.) Employees that fail to properly adjust insurance claims are liable under Section 541. See Cornman, 2001 U.S. Dist. LEXIS 24472 at *12 ("[A]n insurance company employee who adjusts claims is within the ambit of the people 'engaged in the business of insurance,' and thus can be sued individually"). GEICO makes no claim that Defendant Hicks has "no special insurance expertise," or that he has "no responsibility for the sale or servicing of insurance policies." See Garrison, 966 S.W.2d at 484, 486. Thus, GEICO has failed to show that Sean Hicks is not personally liable under the Insurance Code or that Defendant Hicks does not engage in the business of insurance.

Next, the Court must determine if Plaintiff was harmed by an unfair insurance practice. See Casteel, 22 S.W.3d at 383. Plaintiff alleges that she was harmed by Defendant Hicks' "unfair refusal to pay insurance benefits." (D.E. 1 p. 12.) Section 541.003 "prohibits any person from engaging in deceptive trade practices in the insurance business." Garrison, 966 S.W.2d at 484; see TEX. INS. CODE § 541.003 ("A person may not engage in . . . a trade practice that is . . . an unfair method of competition or an unfair or deceptive act or practice in the business of insurance."); Cornman, 2001 U.S. Dist. LEXIS 24472 at *12 ("The Texas Insurance Code provides an extensive list of acts or practices forbidden as unfair or deceptive."). Taken in light most favorable to the Plaintiff, this Court finds that Defendant Hicks' alleged failure to investigate and resolve Plaintiff's claim, as well as allegations that Defendant Hicks engaged in unfair insurance practices, demonstrates that there is a possibility Plaintiff may bring a successful Section 541 claim against Sean Hicks. See Cornman, 2001 U.S. Dist. LEXIS 24472 at *5, 12 (finding agent that allegedly "failed to fully and properly investigate Plaintiffs' claim" may be liable under Insurance Code section 541).

Defendant GIECO's other arguments supporting a finding that Sean Hicks was fraudulently joined are unpersuasive. GEICO claims that Defendant Hicks cannot be liable to Plaintiff because "no contract exists between Mr. Hicks and Plaintiff Rosario Mayorga." (D.E. 1 p. 2.) However, contractual privity is not a requirement of Section 541 liability. See Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 385 (Tex. 2000) ("[W]e have acknowledged the Code's modification of common-law agency principles by holding that an agent may be personally liable under [Section 541] for deceptive acts, notwithstanding the fact that he acted within the scope of his employment." citing

Garrison, 966 S.W.2d at 485). Defendant GEICO attacks the merits of Plaintiff's claims, alleging "Plaintiff has not established her right to receive under [the] insured motorist benefits" because she failed to first obtain a judgment against the uninsured motorist. (D.E. 1 p 13-14.) This Court, however, need not delve into the merits of this argument because the defense would apply with equal force to both Defendants. The Fifth Circuit has held that to prove improper joinder, "[a] showing that the plaintiff's case is barred as to all defendants is not sufficient. When the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made." Smallwood, 385 F.3d 568, 575.

Plaintiff's Original Petition establishes that Defendant Sean Hicks may be liable under Section 541. Defendant GEICO does not claim actual fraud on the pleadings and has failed to "demonstrate[] that there is no possibility of recovery by the plaintiff against an in-state defendant." See Smallwood, 385 F.3d at 573. Thus, this Court finds that Defendant Hicks was not fraudulent joined to this action and that this Court lacks subject matter jurisdiction over this matter. Because this Court lacks jurisdiction, the Court has no authority to entertain the stipulations in the parties agreed motion for remand. See Feld v. Zale Corp. (In re Zale Corp.), 62 F.3d 746, 751 (5th Cir. 1995) ("Subject matter jurisdiction is the court's authority to entertain an action between the parties before it.")

### III.  Conclusion

For the reasons stated above, this Court determines that it does not have subject matter jurisdiction over the above-styled action. This case is hereby REMANDED

pursuant to 28 U.S.C. § 1447(c) to the 79th District Court of Jim Wells County, Texas, where it was originally filed and assigned Case No. 09-11-48536-CV.

SIGNED and ORDERED this 20th day of January, 2010.

_____
Janis Graham Jack
United States District Judge